PAN:CSK
F.#2009RO1998

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

                                           CR <u>11-134 (SJ)</u>

CHAIM LEBOVITS, <u>et</u> <u>al</u>.,

        Defendants.

- - - - - - - - - - - - - - --X


THE GOVERNMENT'S MEMORANDUM OF LAW IN PARTIAL
CONSENT TO AND PARTIAL OPPOSITION TO MOSES NEUMAN'S
MOTION FOR A PROTECTIVE ORDER AND IN SUPPORT OF THE
<u>GOVERNMENT'S CROSS-MOTION FOR A PROTECTIVE ORDER</u>


LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York  11201


CHARLES S. KLEINBERG
Assistant U.S. Attorney
     of Counsel

PRELIMINARY STATEMENT

This memorandum of law is submitted in partial consent to and in partial opposition to the motion of defendant Moses Neuman ("M. Neuman") for a protective order (the "Motion"). It is also submitted in support of the government's cross-motion for a protective order (the "Cross-Motion"). The Motion concerns Disks 44, 47 and 51, which, as explained below, contain some of M. Neuman's privileged and non-pertinent communications. The government produced these three Disks to all of the defendants in May 2011 in good faith and with prior notice to all of the defendants of its action. While the government agrees that corrective measures are appropriate, the Motion seeks relief to which M. Neuman is not entitled and fails to seek other appropriate corrective action, some of which corrective action the government has been requesting for over two months and which requires M. Neuman as well as the other defendants to surrender some of the communications of their co-defendants.

Disk 44 consists of all of the telephone calls or portions of telephone calls intercepted by the government over the cellular telephone of M. Neuman pursuant to Title III orders, including the pertinent calls and the portions of calls over that phone that wire room agents classified as non-pertinent or privileged.[1]  Disks 47 and 51 each consist of emails produced respectively by Web Hosting Pad.Com and Google for all emails over a limited time period to and from email addresses controlled

---

[1] The calls were intercepted by wire room agents and the prosecution team did not review any calls or portions of calls that wire room agents classified as privileged or non-pertinent.

1

by M. Neuman or his brother and co-defendant Yudah Neuman ("Y. Neuman"). Disks 47 and 51 each consists of M. Neuman and Y. Neuman emails, including those that taint team agents classified as pertinent and non-privileged emails, and those that taint team agents classified as non-pertinent and/or privileged emails, if any.[2/]

The prosecution team[3/] has not reviewed any of the calls or emails contained on the Disks in question that were deemed non-pertinent or privileged by agents in the wire room or the taint agents who reviewed the emails. Moreover, each of the defendants, in addition to receiving Disks 44, 47 and 51, received separate copies, in paper form, of only the pertinent and non-privileged calls and emails on each of these Disks.

In the Motion, M. Neuman asks the Court to order, _inter alia_, that his co-defendants deliver copies of Disks 44, 47 and 51 to the Court to be placed under seal and to destroy all other copies that they have of any of these Disks. The government consents to so much of M. Neuman's Motion that asks for this relief. Indeed, the government has been asking for over two months that _all_ of the defendants, including M. Neuman, return any telephone calls, other than their own, that wire room agents

---

[2/] The search warrants for emails that the government executed specified a two-step procedure pursuant to which the email provider produced all emails in an account that were initially reviewed by taint team agents, and case agents received from the taint team only those emails that the taint team classified as pertinent.

[3/] The prosecution team consists of Assistant U.S. Attorney Charles Kleinberg, Postal Inspector Maria Albright, Special Agent Sheldon Tang of the Internal Revenue Service and John Marcone of the New York State Department of Insurance.

deemed privileged or non-pertinent.

       While the government agrees that the portion of M.
Neuman's Motion that is described above should be granted, as
shown below, it was in fact M. Neuman who distributed the Disks
in question to his co-defendants, after having been placed on
notice by the government that these Disks contained, in part, his
non-pertinent or privileged communications.  Moreover, after the
government requested that M. Neuman's privileged and non-
pertinent telephone calls be returned, it was also M. Neuman who
refused to endorse the government's request that his co-
defendants relinquish these communications.  Indeed, M. Neuman
had even asked the government to produce to <u>all</u> of the defendants
additional of his own and of co-defendant Avigdor Gutwein's
privileged and non-pertinent calls that the government had not
previously produced to anyone.

       Curiously, M. Neuman does not volunteer in his Motion
to deliver to the Court and or to destroy Disks 47 and 51 or
those portions of Disks 47 and 51 that contain the non-pertinent
or privileged emails of <u>Y. Neuman</u>.  That relief, among other
things, is sought in the government's Cross-Motion.

       In addition, M. Neuman asks in his Motion that the
government be ordered to deliver to the Court or destroy all
copies of Disks 44, 47 and 51.  As shown below, for a host of
legal and practical reasons, M. Neuman is not entitled to this
relief.  The government hereby certifies that no member of the
prosecution team will review any portion of these three Disks
that were deemed privileged or non-pertinent by wire room or

taint agents.[4/]  As already noted, the prosecution team has not, to date, reviewed any of these materials.  Nor will the prosecution team disclose to third parties, by public filing or otherwise, any of these materials.  (See note 4 for certain specified exceptions.)

In addition to Disks 47 and 51, the government's Cross-Motion concerns Disks that mostly contain communications of M. Neuman's co-defendants, including pertinent and non-privileged communications, as well as non-pertinent and/or privileged communications, of these co-defendants' emails.  To be specific, the Cross-Motion concerns: Disk 45 (Title III intercepted telephone calls of Avigdor Gutwein); Disk 46 (M. Neuman text messages obtained by search warrant); Disk 48 (Y. Neuman emails obtained by search warrant from Go Daddy.com); Disks 49 and 50 (Edward Grodsky emails obtained by search warrant); and Disks 47 and 51 (which, in addition to the emails of M. Neuman, also contain the emails of Y. Neuman).  Again, the prosecution team has not reviewed any of the communications on these Disks that

_____

[4/] These three Disks will remain available for use by non-prosecution team government personnel, such as a taint Assistant U.S. Attorney, to use, among other things, to respond to any arguments raised by the defendants on their motion for suppression that depend upon the contents of such privileged and/or non-pertinent communications.  Indeed, M. Neuman has submitted an ex parte declaration on this Motion to which the government cannot respond because the prosecution team cannot and will not review the non-pertinent and privileged communications in question.  Similarly, circumstances may arise indicating that the defendants, by their actions, have waived privilege or objection to the prosecution team reviewing the privileged and non-pertinent communications in question.  Should this occur, the government will provide prior notice to the Court of its intent to have the prosecution team review such communications and the opportunity for the Court to prevent any such review by the prosecution team.

were deemed non-pertinent or privileged by wire room or taint team agents.   The government has already provided to the defendants, in paper form, all communications from these Disks that were deemed pertinent and non-privileged.

In the Cross-Motion, the government seeks an order directing **all** of the defendants, **including** M. Neuman, to deliver to the Court or to destroy all copies of any of these Disks that contain the communications of any party other than himself.   The government certifies that no member of the prosecution team will review any communication on any of these Disks that were deemed privileged or non-pertinent by wire room or taint team agents, nor will it disclose any such materials to third parties.   (See note 4 for the same exceptions that apply to Disks 44, 47 and 51.)   As shown below, while the government, in good faith, made the foregoing Disks available to all of the defendants, it was M. Neuman who actually distributed these Disks to his co-defendants after having been placed on notice by the government that these Disks contain not just the pertinent and non-privileged communications of his co-defendants but also their non-pertinent and privileged communications.

The relief to which the government consents in the Motion and for which it specifically asks in the Cross-Motion is fair and appropriate.   But, as shown below, M. Neuman and some of his co-defendants affirmatively requested that the government distribute to the defendants privileged and/or non-pertinent communications of their co-defendants, and when the government asked the defendants to return some of these communications, all

of the defendants, including M. Neuman, declined.[5]

<u>FACTS</u>

Although the prosecution team had not reviewed any portion of Disks 44 to 51 (the "Disks") that were deemed non-pertinent or privileged, it decided, in good faith, to make the Disks, in their entireties, available to all of the defendants. The government, irrespective of whether it was required to do so, chose to make all of the Disks available to the defendants so that the defendants could challenge the government's minimization and taint procedures during the Tile III interception process and the taint team review of emails.  Moreover, each defendant was, under Rule 16, Fed. R. Crim. P., entitled to his recorded statements, which included the Disks in their entireties. Finally, since the prosecution team had not reviewed the Disks in their entireties, it was possible, for all that the prosecution team knew, that these Disks contained <u>Brady</u> material for one or more of the defendants.  Nonetheless, the government, at that time, failed to ensure that no defendant received the non-

---

[5] The government specifies in this footnote precisely which Disks it requests that each of the defendants deliver to the Court or destroy ("deliver"): M. Neuman should deliver Disks 45, 47, 48, 49, 50 and 51; Y. Neuman should deliver Disks 44, 45, 46, 47, 49, 50 and 51;  Avigdor Gutwein should deliver Disks 44 and 46 through 51; Edward Grodsky should deliver Disks 44 through 48 and 51; and Chaim Lebovits and Leo Fekete should deliver Disks 44 through 51.  The government will supply each of the defendants with alternate Disks for Disks 44 and 45 which only contain the pertinent and non-privileged communications from those Disks. The government has already supplied the defendants, in paper form, with those emails from Disks 46 through 51 which were deemed pertinent and non-privileged.  Moreover, the government will provide M. Neuman and Y. Neuman, respectively, with alternate Disks to 47 and 51 which only contains his own emails and not those of his brother.

pertinent or privileged communications of other defendants.[6]

However, the government made very clear to all of the defendants, at the same time that it made the Disks available to them, that each of these Disks contained the non-pertinent or privileged communications of one of the defendants.  In its May 11, 2011 Rule 16 letter at 2, which the government sent to all of the defendants via Federal Express for overnight delivery, the government advised the defendants that each of them could obtain copies of each of the Disks by purchasing it from the copy service with whom the government had contracted.  In that same letter, the government stated,

> The recordings of the intercepted
> communications [over the M. Neuman and
> Gutwein cell phones], along with draft
> transcripts, synopses and translations of
> these communications are found at New Disks
> 44 and 45...  <u>The prosecution team has not
> reviewed and will not review certain of the
> intercepted communications</u>, in either
> recorded or transcribed form, <u>including any
> communication labeled as privileged or non-
> pertinent</u>.

May 11 letter at 5-6 (emphasis added).

Moreover, the government, in its May 11 Rule 16 letter, advised each of the defendants that each of the Disks that contained emails of any of the defendants also contained the privileged or non-pertinent emails of that defendant.  For example, with respect to the Edward Grodsky emails, the government stated to all of the defendants,

> The emails to and from Edward Grodsky that
> were seized pursuant to the search warrant

---

[6] The defendants made their discovery demands in a single lengthy letter dated March 22, 2011, which was written by counsel for M. Neuman, and in which <u>all</u> of the defendants joined.

[described above], <u>not all of which were
disclosed to the prosecution team</u>, are
located at New Disks 49 and 50.  <u>Those of
these emails that were disclosed to the
prosecution team</u> are found at [other Disks].

May 11 letter at 6 (emphasis added).

     Each of the defendants received the government's May 11
letter on May 12.  According to the Motion, only M. Neuman
purchased a set of the Disks from the government copier and made
the Disks available to the other defendants by May 16.  Motion at
16.  On May 17, the government reiterated, in a short email that
it sent to counsel for M. Neuman, that one of the emails that is
now the subject of the Motion, to wit, Disk 51, and that all of
the defendants had received by May 16, contained privileged and
non-pertinent communications.  In response to the emails of
counsel for M. Neuman to AUSA Kleinberg commencing on May 12,
complaining that there were difficulties in opening Disk 51, AUSA
Kleinberg, on May 17, sent M. Neuman's counsel an email stating,

     Okay, I will look into [the difficulty in
     opening Disk 51] tomorrow.  <u>The problem is
     that neither I nor the case agents can look
     at that disk.</u>

May 17, 2011 email from AUSA Kleinberg to Joshua Geller, Esq.
(emphasis added).

     Counsel for M. Neuman, in response to that email, made
no attempt to retrieve from the other defendants the copies of
Disk 51 that he had distributed to them the day before.
Moreover, in a letter dated June 7, from counsel for M. Neuman to
AUSA Kleinberg, copy to counsel for Y. Neuman, M. Neuman <u>and</u> Y.
Neuman jointly advised the government that there were 45 calls

that the government had intercepted over the M. Neuman cell phone and 74 calls that the government had intercepted over the Gutwein cell phone that were not on Disk 44 (M. Neuman calls) and Disk 45 (Gutwein calls) and that the government had never produced to the defendants.  M. Neuman and Y. Neuman specifically stated that all but one of these 119 previously unproduced calls were privileged or non-pertinent, yet they asked that each of these calls be produced to <u>all</u> of the defendants:

> we discovered that 45 audio files from the [M. Neuman] telephone and 74 audio files from the [Gutwein] telephone were not produced...[W]ith the exception of [one call] <u>each of the missing calls is designated as "Privileged" or "Non-Pertinent"</u> [on reports that the government produced on May 11] ... However, the government has produced the audio files associated with other "privileged" calls ... and other "Non-Pertinent" calls ... The audio files of <u>all</u> calls intercepted by the government <u>should</u> be produced to the defendant<u>s</u> [specifically using the plural of the word "defendant."]

June 7 letter of counsel for M. Neuman and Y. Neuman to AUSA Kleinberg (emphasis added).

M. Neuman <u>now</u> claims in his Motion that he is entitled to "emergency" relief directing all parties to deliver to the Court or destroy those of his non-pertinent and privileged communications that the government made available to the defendants on May 11.  However, M. Neuman neglects to advise the Court that four weeks after the government's production, he and Y. Neuman demanded that the government produce to <u>all</u> of the defendants additional of M. Neuman's and Gutwein's privileged and non-pertinent communications.

The government declined to comply with the request of

M. Neuman and Y. Neuman to produce those additional privileged and non-pertinent phone calls to all of the defendants. Moreover, at the same time, the government sought to assure that no defendant other than M. Neuman who received Disk 44 retained that Disk without M. Neuman's consent and that no defendant other than Gutwein who received Disk 45 retained that Disk without Gutwein's consent.

In a June 28, 2011 Federal Express letter from AUSA Kleinberg to counsel for all defendants, which enclosed a copy of the June 7 letter from counsel for M. Neuman and Y. Neuman discussed above, the government advised that it would forward only to counsel for M. Neuman those of the additional privileged and non-pertinent M. Neuman telephone calls that M. Neuman requested and that it would not produce to M. Neuman those of the additional privileged and non-pertinent Gutwein telephone calls unless M. Neuman confirmed to the government that he had Gutwein's consent to receive those telephone calls.  With respect to the other defendants, the government stated,

> [I]f any defendant did receive Disk 44 from
> counsel for Moses Neuman, that defendant
> should notify the government and either (1)
> confirm to the government in writing, with a
> copy to Counsel for Moses Neuman, that that
> defendant has the consent of defendant Moses
> Neuman to retain those of Neuman's non-
> pertinent and privileged calls that appear on
> Disk 44[2/] or (2) return Disk 44 to the
> government and the government will forward to

---

[2/]  Unless the call was not in English and no interpreter was available in the wire room when the call was being intercepted, any privileged or non-pertinent call was contemporaneously minimized as soon as the call was identified as privileged or non-pertinent.  Once a call was minimized it was no longer listened to or recorded.  Of course, no portion of a privileged or non-pertinent call that was not recorded appears on Disk 44.

that defendant a new Disk that contains only
the pertinent and non-privileged calls
intercepted over the Moses Neuman cell phone.

Similarly, counsel for Moses Neuman should
either (1) notify the government in writing,
with a copy to counsel for Avigdor Gutwein,
that Moses Neuman has the consent of Avigdor
Gutwein to receive the privileged and non-
pertinent Gutwein calls contained on Disk 45
or (2) return to the government all copies of
Disk 45 in the possession of Moses Neuman or
his counsel and the government will forward
to counsel for Moses Neuman a new Disk that
contains only the pertinent and non-
privileged calls intercepted over the Gutwein
cell phone.  Likewise, if any defendant other
than defendant Gutwein received a copy of
Disk 45 from counsel for Moses Neuman then
that defendant should notify the government
of that fact and either (1) confirm in
writing, with a copy to counsel for Gutwein,
that that defendant has the consent of
Gutwein to retain those of Gutwein's non-
pertinent and privileged calls which appear
on Disk 45 or (2) return Disk 45 to the
government and the government will forward to
that defendant a new Disk that only contains
the pertinent and non-privileged calls
intercepted over the Gutwein cell phone.

June 28 letter from AUSA Kleinberg to All Counsel (emphasis
added).

        In response to the government's June 28 letter, counsel
for M. Neuman and Gutwein, in letters they sent to all counsel,
for the first time objected to the government's production of
their client's privileged and non-pertinent communications.  Yet
M. Neuman and Gutwein declined to endorse the government's
request that all defendants, including M. Neuman and Gutwein,
return to the government all such privileged and non-pertinent
calls other than their own.  In a letter dated July 1, 2011 to
the government, copied to all counsel, counsel for M. Neuman
stated that "[since] the damage has already been done," the

11

government's request that all defendants other than M. Neuman
return Disk 44 to the government and that all defendants other
than Gutwein return Disk 45 to the government "is unavailing."
Yet M. Neuman now claims that he needs emergency relief directing
all counsel and the government to deliver to the court or destroy
all copies of Disk 44 in their possession.  In a letter from
counsel for Gutwein to the government, copied to all counsel,
dated July 1, 2011 and sent on July 5, 2011, Gutwein joined in
the above referenced July 1 letter of M. Neuman, and failed to
even mention, let alone agree to, the government's request that
he return Disk 44 to the government.  Nor did he ask any
defendant to return to the government Disk 45, containing his own
privileged and non-pertinent telephone calls.

          In a letter from the government to all counsel dated
July 14, 2011 sent via Federal Express, the government responded
to the above letters from counsel for M. Neuman and Gutwein and
again asked all defendants other than M. Neuman to return Disk 44
and all defendants other than Gutwein to return disk 45.  In that
letter, the government first pointed out that the objections of
M. Neuman and Gutwein to other defendants' having received their
privileged and non-pertinent communications was belied by their
actions, because: (1) they were both advised by the government's
letter of May 11 that Disks 44 and 45 contained privileged and
non-pertinent communications of M. Neuman and Gutwein, but they
never previously complained or asked the other defendants to
return or destroy their copies of those Disks, and (2) M. Neuman
and Y. Neuman had affirmatively asked the government to provide
additional privileged and non-pertinent M. Neuman and Gutwein

                              12

telephone calls to all of the defendants. The government then stated:

> Finally, the government does not understand the defendants' declination to return disks containing the privileged and non-pertinent calls of any other defendant. Accordingly, the government renews its request that each defendant, other than Moses Neuman, return any copy of Disk 44 in that defendant's possession to the government, and that each defendant, other than Gutwein, return any copy of Disk 45 in that defendant's possession to the government. The government will replace each Disk so returned with a Disk containing only the non-privileged, pertinent calls on that Disk.

June 28 letter from AUSA Kleinberg to all counsel at 3.

To date, none of the defendants, including M. Neuman, has returned any of the Disks to the government. Nor, prior to M. Neuman's "emergency motion" of August 26, has <u>any</u> defendant asked any other defendant to return or destroy any Disk containing the first defendant's privileged or non-pertinent communications. Moreover, the prosecution team has not reviewed any communication on any of the Disks that was classified as privileged or non-pertinent by wire room or taint team agents.

<u>ARGUMENT</u>

The Court Should Grant the Cross-Motion and
That Portion of the Motion to Which the Government
<u>Consents, But Deny the Remainder of the Motion</u>

With respect to the Motion, while the government certainly bears responsibility for disclosing privileged and non-pertinent communications of one defendant to other defendants, so too do the defendants whose privileged and non-pertinent communications were disclosed and who took no action whatsoever to correct the situation. The government did not

13

hide what it was doing.  It made very clear in its May 11 discovery letter, which all defendants received by May 12, that it was making available to all defendants all Title III interceptions over the M. Neuman and Gutwein cellphones, as well as all emails of M. Neuman, Y. Neuman and Grodsky obtained by search warrant, including the privileged and non-pertinent communications obtained through Title III interception or search warrant for each of those defendants.

Moreover, all defendants actually obtained those communications from M. Neuman, and when they opened any of the Disks in question, they could not help but realize that they had received the non-pertinent and privileged communications of a number of the defendants.  The Title III calls came with an index classifying each call as pertinent, privileged or non-pertinent.  Each of the search warrants for emails made clear that there would be a two-step procedure involving a review of all emails in the email account to be searched by a "taint team" and then a disclosure to the prosecution team of only pertinent emails.  The May 11 letter made very clear that the government was producing to all of the defendants all emails in the account to be searched, _not_ all of which had been reviewed by the prosecution team, and that the government was _also_ separately producing in paper form for each email account those of the emails which _had_ been reviewed by the prosecution team.

Yet from the time each defendant received the Disks from M. Neuman by May 16 until June 28, when the government asked the defendants to return all Title III Disks of defendants other than themselves, no defendant complained, asked any of his

14

co-defendants to return Disks containing his "tainted" communications or asked the government to obtain the return of such Disks from the other defendants. Indeed, on June 7, 2011, M. Neuman and Y. Neuman identified 118 phone calls of M. Neuman and Gutwein that were privileged or non-pertinent and that the government had never previously produced. Yet on June 7, 2011, M. Neuman and Y. Neuman stated that the government should produce all of these 118 privileged and non-pertinent calls of M. Neuman and Gutwein to <u>all</u> of the defendants.

When the government, on June 28 and July 11, twice asked all of the defendants to return any Disks containing the privileged and non-pertinent calls of another defendant to the government, M. Neuman and Gutwein complained about the government's May 11 disclosure for the first time, yet refused to endorse the government's request that the other defendants return the Disks in question to the government, claiming that it was too late. In particular, M. Neuman did not return Gutwein's Disk, namely, Disk 45, Gutwein did not return M. Neuman's Disk, namely, Disk 44, and no other defendant returned Disk 44 or 45 to the government. [8]

The government concedes that it is appropriate at this stage of the proceedings, where motions have not yet been made,

---

[8] Until the Motion was filed late on August 26, 2011, no defendant had asked the government or any other defendant for the return of his privileged and non-pertinent communications. In light of the history set forth in the text, there is a strong argument that any defendant whose privileged and non-pertinent communications were produced to other defendants has waived any privilege and any objection to the government's May 11 production of these privileged and non-pertinent communications to the other defendants. But this is not the time to brief or argue issues such as that.

for each defendant to deliver to the Court, for sealing, the Disks he received no later than May 16, 2011 containing the privileged and non-pertinent communications of other defendants, while retaining any Disk that only contains his own privileged and non-pertinent communications.  He should also destroy any other copies he has of Disks containing the privileged or non-pertinent communications of other defendants.  However, this procedure should apply <u>not</u> only, as M. Neuman asks in his Motion, to Disks containing the privileged and non-pertinent communications of M. Neuman, namely, Disks 44, 47 and 51, and <u>not</u> only to defendants <u>other</u> than M. Neuman, as M. Neuman also asks in his Motion.  Rather, this procedure should apply, as the government asks in its Cross-Motion, to all of the defendants, including M. Neuman, and to all of Disks 44-51.

Thus, for instance, M. Neuman should surrender to the Court his original copy of, and destroy any other copies of: (1) Disk 45 (Gutwein emails); (2) Disks 47 and 51 (Y. Neuman emails, as well as M. Neuman emails); (3) Disk 48 (Y. Neuman emails); and (4) Disks 49 and 50 (Grodsky emails).  The government will provide M. Neuman with alternate versions of Disks 47 and 51, containing only his own emails, but not the emails of Y. Neuman.  Attached is a proposed order showing which Disks each defendant should deliver and/or destroy.

For a host of reasons, the government should not be ordered, as M. Neuman asks, to deliver and destroy its versions of Disks 44, 47 and 51, or any other Disks.  The government made Disks 44-51 available to all of the defendants in good faith. It produced these Disks to the defendants to provide the

16

defendants with all of the information they would need to challenge the government's minimization and search procedures if they so chose, to comply with Rule 16 by making available to the defendants their recorded conversations and to allow the defendants to search those Disks for any Brady material on those Disks that the prosecution team could not review and has not reviewed.

The government did not hide what it was doing, but announced precisely what it was doing in its May 11 discovery letter through which it made the Disks available.  The government certainly gained no tactical advantage by disclosing the Disks in question to all of the defendants, because, as a result of its disclosure, all defendants now have Disks that the prosecution team has not reviewed and will not review.  Yet M. Neuman, on this Motion, has disclosed some of the contents of his privileged and non-pertinent communications on these Disks to the Court in an ex parte declaration, which the government cannot address because the prosecution team has not reviewed any of these communications and because there was insufficient time to organize a taint litigation team to address these issues in camera.

Of course, the government did make available to each defendant the privileged and non-pertinent communications of other defendants.  But the government cannot be ordered to turn over or destroy its copies of Disks 44-51.  Judge Townes, who authorized the Title III interceptions, has ordered the United States Postal Service to keep and preserve the original Disks of the Title III communications for 10 years, in such a way as to

17

prevent their alteration or editing.  Judge Townes unsealed the Disks solely for the purpose of making discovery.  With respect to the Disks produced by email providers, Federal Rule of Criminal Procedure 41(f)(1)(B) permits the government to retain copies of the Disks of electronic data that the government receives pursuant to search warrants.

Moreover, to the extent that the government breached its responsibilities by disclosing the privileged and non-pertinent communications of some defendants to other defendants, the appropriate relief is to seek to correct the disclosure by having those other defendants surrender any copies of those communications in their possession.  The appropriate relief is not to have the government surrender possession of the Disks in question that it collected and had an obligation to retain in the first place.  The government did not breach its responsibilities by keeping copies of those Disks.

These Disks contain the government's original evidence, and they are necessary to authenticate any communication on any of these Disks.[9]  Should any defendant try to introduce any communication on these Disks that are presently listed as privileged or non-pertinent, then the government cannot respond to those arguments without having these Disks.  This is not a hypothetical need, but a very real and pressing need.

M. Neuman has already made it quite clear that he

---

[9]/The government's original versions of the communications on Disks 44 and 45 are contained on a government computer in a wire room at the offices of Immigration and Customs Enforcement.  That computer is not movable, and the data on it is not easily accessible for ongoing litigation purposes due to the fact, among others, that that wire room is constantly in use.

intends to rely on the contents of his privileged and non-pertinent communications on the motions to suppress that he intends to make next month.  Indeed, on this Motion, M. Neuman has submitted an ex parte declaration that contains information from these Disks that the prosecution team has never seen and to which it cannot respond.  While the government may need to assign a taint attorney to litigate any portion of the contemplated future motions or any other future motions that will rely on evidence from any of these Disks, it must have these Disks to be able to effectively litigate this case and to respond to the defendants' arguments.  Again, the government certifies that the prosecution team will not review any privileged or non-pertinent communications and the government will not disclose the contents of the Disks in question to third parties.  (See, however, note 4 above.)

The history of the communications between the parties about the Disks in question makes very clear precisely what occurred here.  The defendants, knowing full well that the government had disclosed privileged and non-pertinent communications of some defendants to other defendants, made no attempt to correct this and even demanded that the government produce additional privileged and non-pertinent communications to all of the defendants.  Yet when the government took steps to correct the disclosure, the defendants complained for the first time but still refused to accede to the government's request for corrective action.  Yet M. Neuman now claims that he is entitled to emergency relief.  The government agrees to such relief but seeks, as M. Neuman does not, to obtain corrective action from

M. Neuman as well as the other defendants and to correct the disclosure of <u>any</u> defendants' privileged and non-pertinent to other defendants.

Thus, for all of the above reasons, the Court should grant that portion of M. Neuman's Motion to which the government consents, deny the remainder of M. Neuman's Motion and grant the government's Cross-Motion.

<u>CONCLUSION</u>

For the reasons stated above, the Court should resolve M. Neuman's Motion and the government's Cross-Motion by issuing the herewith annexed proposed order.

Dated: Brooklyn, New York
       September 6, 2011

                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York  11201


CHARLES S. KLEINBERG
Assistant U.S. Attorney
    of Counsel