UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS TO AND FROM MOBILE TELEPHONE NUMBER (917) 559-1800, WITH ESN 268435457600516523, SERVICED BY SPRINT PCS, SUBSCRIBED TO IN THE NAME OF MELISSA NEUMAN, 1181 44TH STREET, BROOKLYN, NEW YORK 11219 AND FOR PROSPECTIVE CELL-SITE INFORMATION

- - - - - - - - - - - - - - - -X

EDNY Form July 11, 2008

**SEALED ORDER AUTHORIZING THE INTERCEPTION OF WIRE COMMUNICATIONS**

Docket No.
- M-10-0007

Application under oath having been made before me by CHARLES S. KLEINBERG, Assistant United States Attorney, Eastern District of New York, an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, for an Order authorizing the interception of wire communications pursuant to Section 2518 of Title 18, United States Code, and having reviewed the affidavit of Postal Inspector Maria Albright of the United States Postal Inspection Service ("USPIS"), and full consideration having been given to the matters set forth therein, the Court finds:

a. there is probable cause to believe that MOSES NEUMAN, also known as MOSES NEUMAN, also known as MOISHE, YUDAH NEUMAN, MELISSA GOLDBERGER, also known as MELISSA NEUMAN, REUVEN SOBEL, EDWARD GRODSKY, LENNY LNU, AVIGDOR GUTWEIN, MOSES

SCHLESINGER, CHAIM LEBOVITS, LIPSHITZ YEHUDA BRIZEL, DAVID LNU, JEWEL STRADER, LEO FEKETE (the "SUBJECT INDIVIDUALS") and others as yet unknown are committing, and will continue to commit violations involving: conspiracy, mail fraud, wire fraud and money laundering in violation ot 18 U.S.C. §§ 371, 1341, 1343, 1349, 1956 and 2 (the "SUBJECT OFFENSES");

   b. there is probable cause to believe that particular wire communications of the SUBJECT INDIVIDUALS concerning the above-described offenses will be obtained through the interception of wire communications. In particular, these wire communications will concern the SUBJECT INDIVIDUAL's criminal activities. In addition, the communications are expected to constitute admissible evidence of the commission of the above-stated offenses;

   c. normal investigative procedures have been tried and failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ, as is described in further detail in the attached Affidavit;

   d. there is probable cause to believe that mobile telephone number (917) 559-1800, ESN 268435457600516523, serviced by Sprint PCS, subscribed to by MELISSA NEUMAN, 1181 44TH Street, Brooklyn, New York 11219 (the "SUBJECT TELEPHONE") is being used and will continue to be used in connection with the commission of the above-described offenses.

**Authorization to Intercept**.  WHEREFORE, IT IS HEREBY ORDERED that Postal Inspectors, Special Agents and Investigators (collectively, "Special Agents") of the USPIS, the Internal Revenue Service and the New York State Department of Insurance (collectively the "Investigating Agencies") and any such federal and local law enforcement officers who participate in the investigation are authorized, pursuant to an application authorized by a duly designated official of the Criminal Division, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Section 2516 of Title 18, United States Code, to intercept wire communications to and from the SUBJECT TELEPHONE.

**Period of Interception**.  IT IS ORDERED FURTHER that such interception shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days measured from the day on which investigative or law enforcement

officers first begin to conduct an interception under this order or ten (10) days after this order is entered, whichever is earlier.

**Portability**. IT IS ORDERED FURTHER that the authorization applies not only to the telephone number currently assigned to the SUBJECT TELEPHONE, but also to any changed telephone number or any other telephone number subsequently assigned to or used by the instrument bearing the same ESN as the SUBJECT TELEPHONE and to any changed ESN accessed through the SUBJECT TELEPHONE within the thirty (30) day period. In the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further Order of this court. Accordingly, this Order shall be binding on any subsequent service provider which provides service to the SUBJECT TELEPHONE upon service of a certified copy of this Order, without further Order of this Court required, including but not limited to: Nextel Communications, Verizon New York, Inc., Verizon New Jersey, Inc., AT&T, AT&T Wireless, Verizon Wireless, MCI Telecommunications Corp., MCI WorldCom, Cingular Wireless, T Mobile U.S.A. and Sprint Spectrum, L.P. (hereafter referred to collectively as the "Other Relevant Providers"). The United States will advise the Court of the change of service provider in the periodic progress reports submitted to this Court.

**Background Conversation**.  IT IS ORDERED FURTHER that the authorization apply to background conversations intercepted in the vicinity of the SUBJECT TELEPHONE while the SUBJECT TELEPHONE is off the hook or otherwise in use.

**Use of Interpreters**.  IT IS ORDERED FURTHER that in the event any of the wire communications are conducted in a language other than English, all law enforcement officers described above may utilize an interpreter in the language being spoken to interpret, monitor, intercept and record any such conversations under the direct supervision of a Special Agent of the Investigating Agencies or other deputized law enforcement officer in the event an interpreter who is a federal agent is unavailable.

IT IS ORDERED FURTHER that, in the event any of the wire communications are conducted in a language other than English and/or are in code, and there is not reasonably available during the interception period an expert in the foreign language or code, minimization shall be accomplished as soon as practicable after such interception.

**Transfer of the SUBJECT TELEPHONE Outside the Eastern District of New York**.  IT IS ORDERED FURTHER that in the event that the SUBJECT TELEPHONE is transferred outside the territorial jurisdiction of this Court, interceptions may take place in any other jurisdiction within the United States.

**Providing Technical and Other Assistance**. IT IS ORDERED FURTHER that, pursuant to Section 2518(4) of Title 18, United States Code, Sprint PCS and the Other Relevant Providers, electronic communications service providers as defined in Section 2510(15) of Title 18, United States Code, shall furnish and continue to furnish the Investigating Agencies with all information, facilities and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such providers are according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over the above-described telephone.

**Compensation**. IT IS ORDERED FURTHER that Sprint PCS and the Other Relevant Providers shall be compensated by the Applicant for reasonable expenses incurred in providing such facilities or assistance.

**Disclosure.** IT IS ORDERED FURTHER, to avoid prejudice to this criminal investigation, that Sprint PCS and the Other Relevant Providers and their agents and employees shall not disclose or cause a disclosure of this Court's Order or the request for information, facilities, and assistance by the Investigating Agencies or the existence of the investigation to any person other than those of their agents and employees who require this

information to accomplish the services requested. In particular, Sprint PCS, the Other Relevant Providers and their agents and employees shall not make such disclosure to a lessee, telephone subscriber, or any interceptee or participant in the intercepted communications.

**Subscriber and Toll Record Information**. IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B), Sprint PCS and the Other Relevant Providers, providers of electronic communications services as defined in Title 18, United States Code, Section 2510(15), shall disclose to the applicant and the Investigating Agencies all published and non-published subscriber information and toll records and information relevant to this investigation, that is, all such information pertaining to the telephone numbers associated with telephones, digital display devices, and mobile telephones which place calls into or which receive calls from the SUBJECT TELEPHONES, within 24 hours of said request, including weekends and holidays, there being reason to believe that the contents of the information sought are relevant and material to a legitimate law enforcement inquiry as set forth more fully above.

**Cell Site Information**. IT IS FURTHER ORDERED that Sprint PCS and the Other Relevant Providers shall enter the SUBJECT TELEPHONE number into a pen register, and supply originating and

terminating cell site information pursuant to Title 18, United States Code, Sections 2703(d), 3122 and 3123.

**Notification of Change**. IT IS FURTHER ORDERED that Sprint PCS and the Other Relevant Providers shall notify the applicant immediately if and when the ESN or telephone number for the SUBJECT TELEPHONE changes or is supplied to another service provider.

**Minimization and Period of Authorization.** IT IS ORDERED FURTHER that this Order shall be executed as soon as practicable after it is signed and that all monitoring of wire communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. All individuals conducting the interception shall be instructed concerning the steps they must take to avoid infringing upon any attorney-client privilege or other recognized privilege. The interception of wire communications authorized by this Order must terminate upon attainment of the authorized objectives or, in any event, at the end of thirty (30) days measured from the day on which investigative or law enforcement officers first begin to conduct an interception under this order or ten (10) days after this order is entered, whichever is earlier.

Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature.

**Progress Reports.** IT IS ORDERED FURTHER that an Assistant U.S. Attorney familiar with the facts of the case shall provide the Court with a report on or about the tenth and twentieth days following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If any of the aforementioned reports should become due on a weekend or holiday, it is ordered further that such report become due on the next business day thereafter.

**Service of Inventory/Return.** IT IS ORDERED FURTHER that no inventory or return of the results of the foregoing surveillance and interception is required to be made, other than the above-required reports, before 90 days from the date of the expiration of the Court's Order, or any extension of the Court's Order. It is

9

ordered further that, upon an <u>ex</u> <u>parte</u> showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**Sealing.** IT IS ORDERED FURTHER that the application, affidavit, Orders, and all interim reports filed with the Court with regard to this matter be sealed until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the Drug Enforcement Administration, Sprint PCS and the Other Relevant Providers as necessary to effectuate the Court's orders.

Dated:   Brooklyn, New York
         January 11, 2010

/s/ Sandra L. Townes
HONORABLE SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK