UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,                   :

    v.                                              :        Hon. Sterling Johnson, Jr.
                                                                                                      11-cr-134 (SJ)
CHAIM LEBOVITS, ET AL.,                     :

               Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DEFENDANT CHAIM LEBOVITS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS**

        Defendant Chaim Lebovits respectfully submits this reply memorandum in further support of his motion for an order directing the government to provide him with a bill of particulars. The government's response only underscores the need for the limited particulars sought here.

        As set forth in our initial brief, it is now accepted practice in this Circuit (and elsewhere) that, in a fraud case, the government must identify the false documents and the specific false statements it will rely upon at trial. See Lebovitz Br. at 6-8. The government does not provide any sound response to this point. Indeed, it fails to discuss, much less distinguish, the leading case United States v. Bortnovsky, 820 F.2d 572, 573-74 (2d Cir. 1987). There, the Second Circuit held that "the district court abused its discretion in denying appellants' motion for a bill of particulars identifying which of appellants' insurance claims for burglary losses were fraudulent and which of the many invoices submitted to substantiate these claims were falsified." And it completely ignores the recent decision of this Court in United States v. Shteyman, 2011 WL 2006291 (E.D.N.Y. May 23, 2011)(Johnson, J.), in which the government was ordered to provide similar particulars in a Medicare fraud matter.

The cases that the government does cite (at pages 94-95 of its brief) hardly advance its cause. United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973), was a narcotics case in which the defendant did receive a bill of particulars, but complained (unsuccessfully) that he should have been given more time to use it to prepare for trial. United States v. Andrews, 381 F.2d 377, 378 (2d Cir. 1967), was another narcotics case in which the Court of Appeals held that the trial court had properly denied defendant's "broadly worded demand" for particulars that would have revealed that the undercover agent was introduced to him by an informant. United States v. Marcus, 193 F. Supp. 2d 552, 562 (E.D.N.Y. 2001), was a child pornography prosecution in which the defendant unsuccessfully sought to learn who had supplied information to the government in support of a wiretap application. United States v. Richards, 94 F. Supp. 2d 304, 316 (E.D.N.Y. 2000), and United States v. Payden, 613 F. Supp. 800, 816-18 (S.D.N.Y. 1985), are also inapposite narcotic cases; United States v. Gotti, 42 F. Supp. 2d 252, 294 (S.D.N.Y. 1999), involved allegations of organized crime racketeering that are far afield from the charges here; United States v. Volpe, 42 F. Supp. 2d 204, 225 (E.D.N.Y. 1999), was a violation of civil rights case in which the defendants requested "detailed evidentiary material"; and United States v. Facciolo, 753 F. Supp 449, 451 (S.D.N.Y. 1990), was a Hobbs Act conspiracy case for which the opinion provides no details about the particulars sought.

That the government is unable to unearth a single case in which particulars akin to those sought here were denied speaks volumes about the inadequacy of its position. The reasons that Defendants need (and are entitled to) particulars about the falsities alleged here are adequately set forth in our opening papers. The government having provided no sound response, the Court should grant the requested relief.

## CONCLUSION

For the reasons set forth above and in our opening memorandum, Mr. Lebovits respectfully asks that the Court grant his motion for a bill of particulars, and further he joins in the motions filed by the other Defendants in this matter.

Dated: New York, New York
       May 18, 2012

                              STILLMAN & FRIEDMAN, P.C.

                              By_____
                                 Nathaniel Z. Marmur, Esq.
                                 425 Park Avenue
                                 New York, New York 10022
                                 (212) 223-0200

                              ZUCKERMAN SPAEDER LLP

                              By_____
                                 Paul Shechtman, Esq.
                                 1540 Broadway, Suite 1604
                                 New York, New York 10036-4039
                                 (212) 704-9600

                              Attorneys for Defendant Chaim Lebovits

TO:    AUSA Charles Kleinberg (by ECF)
         All Defense Counsel (by ECF)