

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:CSK
F.#2009RO1998

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

June 10, 2012

By ECF

The Honorable Steven M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Chaim Lebovits, CR 11-134
          (SJ)(SMG)

Dear Chief Magistrate Judge Gold:

      The government respectfully submits this letter to explain its position that the Moving Defendants' pending motions in the above case can be resolved, as a matter of law, without the need for any evidentiary hearings.[1]

      The Moving Defendants contend that the government made intentional or reckless false statements or omissions in the wiretap affidavits.  We will address separately, in a later portion of this letter, the defendants' argument that the government intentionally sought to mislead the Judge issuing the wiretap orders by not setting forth in the wiretap affidavits facts surrounding the Arnold Cohen Inspection Report ("IR").  We now address all other claims by the Moving Defendants that the wiretap affidavits

---

1  Of course, if the Court rejects the government's legal defenses on any issue, then the government is prepared to present evidence at a hearing on that issue.  But the government's primary position is that the defendants are not legally entitled to an evidentiary hearing on the pending motions.

1

contained intentional or reckless omissions or false statements.  The law is crystal clear that motions to suppress based upon alleged intentional or reckless omissions or false statements in a government affidavit should be rejected <u>without a hearing</u> if, when the alleged false statements are corrected and the omitted material is added to the affidavit, the affidavit still sufficiently supports a finding of probable cause.  <u>See</u>, <u>e.g.</u>, <u>United States v. Batista</u>, 2009 U.S. Dist. Lexis 27437 at *15-16 (E.D.N.Y. 2009) ("if, when the material that is the subject of the alleged falsity ... is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, <u>no hearing is required</u>." (emphasis added)).  As the government has already shown in its Memorandum of Law in Opposition to the Defendants' Motions at pp. 28-35 ("Govt Brief"), when that test is applied to the alleged false statements and omissions presently under discussion, the Moving Defendants are not entitled to a hearing.[2]

No hearing is required on the Moving Defendants' claim that the agents failed to properly minimize non-pertinent conversations.  There is no dispute about what conversations the agents did and did not minimize.  The law is clear that in determining whether the government did or did not fail to adequately minimize non-pertinent conversations, the agents' subjective intent is completely irrelevant and that the test is whether, as a whole, the agents' actions were objectively reasonable.  <u>Scott v. United States</u>, 436 U.S. 128, 133-39 (1974).  The government's analysis of the agents' minimization efforts under that standard is thoroughly set forth in the Govt Brief at 44-48 and Exs. 8 and 9 annexed thereto.  None of the Moving Defendants has, in his Reply Brief, challenged that analysis, but again, even if one had, the test is a purely objective one.

In his Reply Memorandum of Law, M. Neuman contends that he is entitled to a hearing on whether the government

---

2 The defendant Avigdor Gutwein argues, based upon an affidavit from an interpreter he retained, that two Yiddish calls between Gutwein and the defendant Moses Neuman were incorrectly interpreted in the government's second wiretap affidavit. However, as the government showed in Govt Brief at 59 and n. 21, that wiretap affidavit would support a finding of probable cause even if Gutwein's translations of the two calls were substituted for the government's translations.

made sufficient efforts to staff the wire room with Yiddish
interpreters.  M. Neuman is not entitled to such a hearing.
M. Neuman claims that the fact that the government used an
ICE wire room, because the Postal Inspection Service had
none of its own, and the fact that there were only two
Yiddish interpreters who had ICE security clearance and who
thus were available to man that wire room were <u>not</u>
sufficient reasons for the government to tape Yiddish
conversations for after the fact translation whenever those
two interpreters were not available.  There is absolutely no
case which has reached such a conclusion.  Indeed, in <u>United
States v. Taskov</u>, 2011 WL 2847536 at *2 (D. Nev. 2011),
where the bulk of the calls were in Bulgarian, where the
government "engaged the services of one or two translators"
who acted as real time monitors when they were available,
and where the government taped the calls for after the fact
minimization when the translators were not available, then
the government acted reasonably.  No case has held that
engaging one to two interpreters for real time monitoring
from the inception of the wire was insufficient to justify
taping the foreign language interceptions when those
interpreters were not available.

Finally, Gutwein has argued that he is entitled to
relief because there was no disclosure in the wiretap
affidavits that ING, prior to the time it issued a policy on
the life of Arnold Cohen, had received information in an
Inspection Report ("IR") that indicated that information in
the Cohen application, including financial information in
that application, was false.  Gutwein claims that the facts
surrounding the Arnold Cohen application were needed by the
issuing Judge in determining whether the lies the defendants
told satisfied the element of materiality under the mail
fraud statute.  But Gutwein is not entitled to a hearing on
his argument surrounding the Arnold Cohen policy in light of
the legal definition of materiality under the mail fraud
statute and the legal standard for assessing whether a
hearing should be held to resolve claims that an affidavit
contains intentional or reckless false statements or
omissions.

In <u>Neder v. United States</u>, 527 U.S. 1, 22 n. 5,
24-25 (1999), the Supreme Court held that materiality is
part of the scheme to defraud element of the mail fraud
statute, that the Restatement of Torts definition of
materiality applies, but that mail fraud does not require
any showing that the victim justifiably relied on the
deceptions or that the victim suffered any damages.  Thus,
it is very well settled that "[t]he focus of the language
defining a scheme to defraud is <u>on the violator, not the
victim</u>."  <u>United States v. Svete</u>, 556 F.3d 1157, 1165 (11th

Cir. 2011); United States v. Drake, 932 F.2d 861, 864 (10th Cir. 1991) (same); United States v. Biesiadecki, 933 F. 2d 539, 544 (7th Cir. 1991) (affirming the trial court's exclusion of evidence about whether the intended victims were deceived because "the Mail Fraud statute punishes the scheme to defraud and does not require that the intended victim actually have been defrauded").[3]

Under the Restatement of Torts definition of materiality, which the Supreme Court in Neder held applied to the mail fraud statute, a misrepresentation is material if (a) a reasonable victim would have relied on it, or (b) even if no reasonable victim would have attached importance to the lie, the defendant had reason to know that the victim was likely to regard the matter as important in determining his choice of action.  Restatement (Second) of Torts § 538. The section of the definition discussed under (b) focuses on what the defendants had reason to believe that the victims were likely to regard as important.  That is, it focuses on the defendant's state of mind.  Thus, under the well-settled standard for litigating claims of omissions in a government affidavit, Gutwein's motion must be denied without a hearing if, after the facts surrounding the Arnold Cohen IR are added to the wiretap affidavit, the affidavit would still support a finding of probable cause that the defendants had reason to believe that the insurance companies were likely to regard the defendants' lies on the applications as important -- even if the insurance companies did not in fact regard these lies as important.  Mail fraud is committed even without actual or justified reliance.  The focus is on the defendant's state of mind, not the victims'.

If the facts surrounding the Arnold Cohen IR were added to the wiretap affidavit, that affidavit would still establish probable cause to conclude that the defendants believed that the insurance companies were likely to regard the matters they lied about as important because the affidavit contains evidence of: (1) the extensive lies, circuitous transfers of funds and other devious acts in which the conspirators engaged in order to prevent the

_____

3 Thus, it is very well-settled that the victim's gross negligence or even his criminal state of mind is irrelevant to a mail fraud prosecution and does not provide the defendant with a defense.  United States v. Thomas, 377 F.2d 232, 243-44 (2d Cir. 2004)("the victim's gullibility or his own criminal background is not relevant to the inquiry as to whether the defendants were properly convicted [of fraud]") ; United States v. Amico, 486 F.3d 764, 780 (2d Cir. 2007).

insurers from learning that the policies were STOLI policies which were being financed by third party investors and that the insureds had very modest finances; and (2) the conspirators own statements about how the lies in the applications inflating the insureds' net worth would cause the insurers to issue policies with higher death benefits than they otherwise would have issued and would make the conspirators more money.  Thus, the Moving Defendants are not entitled to a hearing on the failure of the affidavit to include facts surrounding the Arnold Cohen IR.[4]

In sum, the government respectfully submits that a hearing is unnecessary to decide any of the pending motions

Thank you for your attention.

Respectfully submitted,

Loretta E. Lynch
United States Attorney
Eastern District of New York


By: _____
AUSA Charles Kleinberg
Assistant U.S. Attorney
(718) 254-6012

_____

[4] In Yudah Neuman's Reply Brief in support of his motion for the issuance of 17(c) subpoenas, he states that ING had information that there were "fraud alerts" prior to issuing policies on two other insureds, Louis Oberlander and Chana Treitel.  However, as seen from the government's letter to David Spears, Yudah Neuman's attorney  dated June 9 responding to emails Mr. Spears sent the government on this issue after the filing of Y. Neuman's Reply Brief -- the government's letter was filed as Document 97 in this case and is annexed hereto as Ex. 1 -- ING had received no high risk fraud alerts on these insureds prior to issuing them the policies in question.  In any event, for the same reasons discussed above concerning the Arnold Cohen policy, the defendants are not entitled to a hearing on the Treitel or Oberlander policies either.