CSK
F. #2009R01998

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

           CR 11-134 (S-2)(SJ)(SMG)

 - against -

CHAIM MAYER LEBOVITS, et al.,

    Defendants.

- - - - - - - - - - - - - - - - - X

  DECLARATION OF RICHARD VIGNOGNA IN OPPOSITION TO THE
  DEFENDANTS' MOTIONS TO SUPPRESS AND FOR OTHER RELIEF

  RICHARD VIGNOGNA, under penalty of perjury, deposes and states:

  1. I am Assistant Inspector in Charge for New York with the United States Postal Inspection Service ("USPIS"). In 2010, I was the Team Leader at USPIS in charge of the investigation of the defendants in the above captioned case.

  2. USPIS does not have its own wire room. In anticipation of the government obtaining a Title III Order authorizing the interception of telephone conversations in the above case (the "Title III Order"), but before the Title III Order was issued by the Court, the government negotiated with other agencies which did have wire rooms to be able to use the wire room of such another agency to intercept telephone conversations in the above case. USPIS successfully negotiated

2

with Immigration and Customs Enforcement ("ICE") to use ICE's wire room in this case.

3. I advised ICE that the government would need to staff the wire room with Yiddish interpreters. My contact at ICE advised me that I should contact a translation service with which ICE had a contract, Metropolitan Interpreters and Translators, Inc. ("Metropolitan"). I contacted Metropolitan and notified it that USPIS would need the services of Yiddish interpreters to staff the wire room. ICE will not permit anyone in its wire room who does not have the Title III security clearance which ICE requires. Metropolitan had three Yiddish interpreters on staff (respectively referred to as "Int 1," "Int 2" and "Int 3"), only two of whom, Int 1 and Int 2, had the requisite security clearance. Metropolitan applied for security clearance for Int 3, but by the time Int 3 received security clearance, the wiretaps were down.

4. Metropolitan sought to attract additional Yiddish interpreters to staff the wire room, but its efforts resulted in very few applicants, all of whom were located in or around the target area of the investigation, namely, Borough Park. Metropolitan decided that using applicants from in or around that area might compromise the investigation. Nonetheless, it would not have mattered if Metropolitan had immediately accepted these few applications because the security clearance process at ICE

3

would have taken too long to be able to use any of these applicants while the wiretaps were operating.

5. Int 1 and Int 2 could be used in the wire room, but while Int 1 was generally available, Int 2 was available only on certain days. Int 1 worked as a Yiddish interpreter in the wire room for very many hours, often working in the wire room during the entire time that the government was intercepting communications on a given day. (The wire room intercepted communications anywhere from 5 to 7 days per week, usually for 14 hours per day). Int 2 worked in the wire room during certain days. Int 2 and Int 3 were available to do After the Fact Minimization, mostly during the evening hours. If a Yiddish call came in at a time when no interpreter was available to contemporaneously minimize that call - - which included times when an interpreter was contemporaneously minimizing one Yiddish call and a second Yiddish call came in - - then that Yiddish call was taped in full for After the Fact Minimization.

6. I believe that under the circumstances, the government made reasonable efforts to contemporaneously minimize Yiddish calls. I have been informed by Postal Inspectors who worked in the wire room that many Yiddish calls <u>were</u> contemporaneously minimized, including ones that were less than two minutes in duration, and that the statistics set forth in the Government's Memorandum of Law in Opposition to Defendants'

4

Motions to Suppress and for Other Relief, dated February 24, at pages 46-48 and in Exhibits 8 and 9 attached thereto, accurately summarize the government's efforts to minimize telephone conversations intercepted over the cellular telephones of defendants Moses Neuman and Avigdor Gutwein.

Dated: Brooklyn, New York
August 2, 2012

_____
RICHARD VIGNOGNA