SLR:LDM:BGK
F.# 2009R01998

RECEIVED
IN CLERK'S OFFICE
HON. STERLING JOHNSON, JR.

MAY 28 2013

TIME A.M._____
         P.M._____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MOSES NEUMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

11-CR-0134 (S-2) (SJ)

WHEREAS, in the above-captioned case, on or about April 16, 2013, the defendant MOSES NEUMAN (the "Defendant"), entered a plea of guilty to Count One of the above-referenced Superseding Indictment, charging a violation of 18 U.S.C. § 1349, to wit, conspiracy to commit mail fraud and wire fraud;

WHEREAS, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the Defendant has consented and agreed to the entry of a forfeiture money judgment in the amount of three hundred thousand dollars ($300,000) in United States currency (the "Forfeiture Money Judgment"), as property, real or personal, constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 1349, or a conspiracy to commit such an offense, and/or as substitute assets; and

WHEREAS, as part of the Defendant's agreement with the government, the Defendant has agreed to be jointly and severally liable, with his co-defendants Avigdor Gutwein and Yudah Neuman (the "Co-Defendants"), to satisfy the Forfeiture Money Judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit all of his right, title and interest in the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p).

2. The Forfeiture Money Judgment, for which the Defendant and the Co-Defendants shall be jointly and severally liable, shall be paid in full within thirty (30) days of the date of the Defendant's guilty plea (the "Due Date"). Interest on any unpaid portion of the Forfeiture Money Judgment shall begin to accrue from the Due Date at the judgment rate of interest, 18 U.S.C. § 3612(f)(2).

3. All payments made by the Defendant toward the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "United States Marshals Service." The Defendant shall cause said check(s) to be hand delivered or sent by overnight mail to FSA Supervisory Paralegal Carly Diroll-Black, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the fact of the check.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. If the Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States on or before the Due Date, the United States may seek to enforce this Order against any other assets of the Defendant up to the value of the Forfeiture Money Judgment not forfeited

pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeiture Money Judgment, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure clear title to the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment passes to the United States, including the execution of any and all documents necessary to effectuate the immediate forfeiture of the Forfeiture Money Judgment and any property against which the government seeks to execute the Forfeiture Money Judgment. The forfeiture of the Forfeiture Money Judgment shall not be considered restitution, a fine or payment on any income taxes that may be due.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines, statute of limitations, and venue.

7. Upon the entry of this Order, the United States Attorney General, or his designee, is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this executed Order to FSA Senior Law Clerk, William Helwagen, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor Brooklyn, New York 11201.

Dated: Brooklyn, New York
_____, 2013

s/ SJ

STERLING JOHNSON, JR.
SENIOR UNITED STATES DISTRICT JUDGE